**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DAVID BUCK CULVER,**

      **Petitioner,**

**v.**                      **Case No.: 3:16cv114-LC/CAS**

**JULIE JONES,**

      **Respondent.**

_____/

**REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S
MOTION TO DISMISS PETITIONER'S UNAUTHORIZED SUCCESSIVE
HABEAS PETITION**

On March 9, 2016, Petitioner David Buck Culver filed a pro se petition

for a writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  On

November 18, 2016, Respondent filed a motion to dismiss the petition as

being an unauthorized successive petition, with exhibits.  ECF No. 13.

Petitioner filed a brief "Motion to Dismiss Respondent's Motion to Dismiss

Unauthorized Successive Habeas Corpus Petition," which the Court

considers as a reply in opposition to Respondent's motion.  ECF No. 15.

The matter is referred to the undersigned United States Magistrate

Judge for issuance of all preliminary orders and any recommendations to

the District Court regarding dispositive matters, pursuant to 28 U.S.C. §

636 and Northern District of Florida Local Rule 72.2(B).  As explained in

detail below, based on the pleadings and attachments before the Court, the undersigned has determined Respondent's motion to dismiss should be granted, and the petition dismissed without prejudice.

## Background and Procedural History

On April 28, 2006, Petitioner was convicted in the Circuit Court of Escambia County, Florida, of one count of aggravated child abuse causing great bodily harm, permanent disability, or permanent disfigurement, in violation of sections 784.045 and 827.03(2)(a), Florida Statutes; and one count of child neglect causing great bodily harm, permanent disability, or permanent disfigurement, in violation of sections 827.03(3)(a) and (b), Florida Statutes; in connection with events that took place between February 1, 2005, and March 23, 2005.  ECF No. 13 Ex. C.  Petitioner was sentenced to thirty years in prison with respect to Count I, and to ten years in prison with respect to Count II, with the sentences to run consecutively. ECF No. 13 Ex. D.  Petitioner appealed and the First District Court of Appeal affirmed the case; his conviction and sentence became final on May 31, 2007.  ECF No. 13 Ex. H; Culver v. State, 956 So. 2d 1184 (Fla. 1st DCA 2007) (table).

After extensive state post-conviction proceedings, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court on December 14, 2011.  ECF No. 13 Ex. II.  This petition was dismissed as untimely on March 27, 2013.  ECF No. 13 Ex. LL; Culver v. Crews, No. 3:11-CV-606-LAC-CJK, 2013 WL 1248233 (N.D. Fla. Mar. 27, 2013).  Petitioner then applied to the United States Court of Appeals for the Eleventh Circuit for a certificate of appealability, which was denied.  ECF No. 13 Ex. PP.  Petitioner moved for reconsideration, and the Court of Appeals denied the motion.  ECF No. 13 Ex. RR.  Petitioner's second motion for reconsideration was returned unfiled.  ECF No. 13 Ex. TT.

Petitioner then filed the instant petition.  Respondent moved to dismiss the successive petition because Petitioner filed it without prior authorization from the Court of Appeals.  Petitioner filed a reply, contending that his "knowledge of rules and procedures within the Judicial System is vague" and asking this Court "to allow him a chance, even though this [is] late in the process" to litigate his claims.  ECF No. 15 at 1.

## Analysis

Section 2244 of title 28 of the United States Code governs the finality of judicial determinations on applications for writs of habeas corpus.  *See*

Case No.: 3:16cv114-LC/CAS

28 U.S.C. § 2244 (2016).  Subsection (a) regulates the finality of decisions on applications for the writ made by persons in custody pursuant to the judgment of a federal court.  *Id.* § 2244(a).  Subsection (b) does the same with respect to persons in custody pursuant to the judgment of a state court.  *Id.* § 2244(b).  Subsection (c) affirms the precedential authority of the United States Supreme Court over lower federal courts, and establishes the rulings of that Court on the merits of a case as controlling precedent with respect to later federal review of the same case.  *Id.* § 2244(c); U.S. Const. art. III § 1 (judicial power vested in the Supreme Court "and in such inferior Courts as the Congress may from time to time ordain and establish").  Subsection (d) imposes a limitation period for the timely filing of petitions for the writ, and provides for statutory tolling of this period. 28 U.S.C. § 2244(d) (2016).

Successive petitions for federal writs of habeas corpus pursuant to a state court judgment are reviewed in one of two ways:  (1) a claim presented in such a petition which has already been presented in a prior one "shall be dismissed," *id.* § 2244(b)(1); or (2) a claim presented in such a petition which was *not* presented in an earlier one shall also be dismissed, unless an enumerated exception applies to permit it to continue,

Case No.: 3:16cv114-LC/CAS

*id.* § 2244(b)(2).  In either case, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *Id.* § 2244(b)(3)(A).  The motion is then reviewed by a three-judge panel, which shall issue an authorization only if the motion makes a prima facie showing that the application satisfies the requirements of subsection (b).  *Id.* §§ 2244(b)(3)(B)–(C).  The court of appeals shall rule on the motion within thirty days of filing, and the ruling is neither appealable nor subject to petitions of rehearing or certiorari.  *Id.* §§ 2244(b)(3)(D)–(E).

Put more plainly, a person in custody pursuant to the judgment of a state court who wishes to file a second (or otherwise successive) petition for a writ of habeas corpus in federal court must first file a motion with the appropriate court of appeals which is sufficient on its face to show that the claim meets one of the conditions listed in section 2244(b)(2).  If a person files a petition presenting successive claims without first obtaining an order from the relevant court of appeals authorizing the district court in question to consider the petition, the district court lacks jurisdiction. Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam) (dismissing petition for lack

Case No.: 3:16cv114-LC/CAS

of jurisdiction because petitioner "failed to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b)").  Although section 2244(b) speaks of claims within a successive petition rather than the petition itself, section 2244(b)(3) establishes a jurisdictional gateway through which *all* the claims brought in a successive petition must pass before the district court may consider whether each claim individually is successive for purposes of sections 2244(b)(1) and (2).  *See* Burton, 549 U.S. at 151 (ruling that "because the 2002 petition is a[n unauthorized] 'second or successive' petition . . . the District Court never had jurisdiction to consider it in the first place").

Petitioner is incarcerated at Century Correctional Institution in Century, Florida.  ECF No. 1 at 1.  Therefore, this Court is the proper venue, and the United States Court of Appeals for the Eleventh Circuit has jurisdiction to consider Petitioner's motion to file a second or successive petition.  *See* 28 U.S.C. § 2241(d) (2016) (jurisdiction over § 2254 application is proper in district where petitioner is in custody or district in which state court was held which convicted petitioner, where State contains two or more federal districts).  Petitioner does not proffer that he filed any such motion.  Rather, other than filing an untimely petition in this Court, *see*

Case No.: 3:16cv114-LC/CAS

*supra* at 3, Petitioner asserts he has not "previously filed any type of petition, application, or motion in a federal court regarding the conviction that [he] challenge[s] in this petition."  ECF No. 1 at 12, question 14. Petitioner's reply does not address the substance of Respondent's motion, and Petitioner neither contends that he has filed an appropriate motion with the Court of Appeals, nor that he has received the required authorization. *See generally* ECF No. 15.  The Court is therefore without jurisdiction to consider Petitioner's claims until such time as the Court of Appeals grants a motion by Petitioner to authorize review.

Accordingly, Respondent's motion should be granted, and the petition should be dismissed without prejudice to permit Petitioner to file an appropriate motion in the Court of Appeals.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §

Case No.: 3:16cv114-LC/CAS

2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of a denial of a constitutional right" with respect to this Court's lack of jurisdiction to consider his petition.  *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court may deny a certificate of appealability.

Rule 11(a) also provides: "Before entering a final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.  Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify the appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## <u>Recommendation</u>

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 13) be **GRANTED**, and this § 2254 petition (ECF No. 1) be **DISMISSED**.

Case No.: 3:16cv114-LC/CAS

**IN CHAMBERS** at Tallahassee, Florida on January 20, 2017.


S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636 (2016).

Case No.: 3:16cv114-LC/CAS